IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDE KYLES and DIANE TAYLOR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEIN MART, INC., a Florida corporation,<br><br>and<br><br>SOCIAL ANNEX, INC. (d/b/a, ANNEX CLOUD), a Delaware corporation,<br><br>Defendants. | CASE NO. 1:19-cv-00483-CFC<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

[PROPOSED] **ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**

Before the Court are the following two unopposed motions filed by Plaintiffs Ande Kyles and Diane Taylor ("Plaintiffs"): (1) Plaintiffs' Unopposed Motion Seeking Entry of an Order Granting Final Approval to the Settlement Agreement and Release; and (2) Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses and Incentive Awards (collectively, "Motions"). These motions request that the Court (1) enter an Order granting Final Approval of the Class Action Settlement reached between Plaintiffs and Defendants Stein Mart, Inc. ("Stein Mart") and Social Annex, Inc. (d/b/a Annex Cloud) ("Annex") (collectively, "Defendants"), as fair, reasonable and adequate; (2) enter the Judgment filed contemporaneously herewith finally approving the parties' Settlement Agreement as amended by the Amendment (defined herein); and (3) awarding

attorneys' fees and costs to Class Counsel as outlined herein, and awarding an incentive payment to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement, as amended by the Amendment,[1] and the Motions, and having conducted a final approval hearing on October 19, 2021, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ORDERED** that:

1. The settlement involves allegations in Plaintiffs' Class Action Complaint and Jury Demand against Defendants for failure to implement or maintain adequate data security measures for customer information, including Card Information, directly and proximately caused injuries to Plaintiffs and the Class.

2. The settlement does not constitute an admission of liability by either Defendant, and the Court expressly does not make any finding of liability or wrongdoing by either Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement, as amended by the Amendment.

---

[1] The parties' Amendment to the Settlement Agreement is set forth in Docket Entry No. 40-1.

4. On March 25, 2020, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Class Representatives, and appointing Co-Lead Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing.

5. In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons who were notified by Stein Mart that they made purchases on Stein Mart's online store using their credit, debit, or other payment card on certain dates between December 28, 2017 and July 9, 2018.

The Settlement Class excludes: (i) Stein Mart, Social Annex, Kibo, Software, Inc., and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contender to any such charge.

6. On August 12, 2020, Stein Mart filed a voluntary petition (the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida. The same day, Stein Mart filed *Defendant Stein Mart, Inc.'s Notice of Bankruptcy and Automatic Stay* and the Court stayed the above-captioned proceeding.

7. Thereafter, counsel for the parties (and Stein Mart, by and through Advisory Trust Group, LLC in its capacity as plan administrator in the Bankruptcy Case) agreed to an amendment

of the settlement agreement (the "Amendment") whereby Plaintiffs' counsel agreed to reduce to $210,000 the amount of attorneys' fees and expenses that they may seek. The parties further agreed that (i) Class Counsels' fees and expenses, incentive awards and other settlement benefits will be paid solely by Social Annex and (ii) Stein Mart shall have no obligation to fund or otherwise participate in the Settlement.

8.   The Court, having reviewed the terms of the Settlement Agreement, as amended by the Amendment, submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement, as amended by the Amendment, and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

9.   The Settlement Agreement, as amended by the Amendment, provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

   A.   Social Annex to institute a Settlement Claims Process as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Social Annex.

   B.   Social Annex to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, emailing and mailing notice, and preparing and mailing checks.

   C.   Social Annex to pay the reasonable attorneys' fees and expenses of Class Counsel.

   D.   Class Counsel to pay incentive awards of $2,500 per Class Representative.

10.   The terms of the Settlement Agreement, as amended by the Amendment, are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. The parties, their respective attorneys, and the Claims Administrator are hereby directed to

consummate the settlement in accordance with this Order and the terms of the Settlement Agreement, as amended by the Amendment.

11. Notice of the Final Approval Hearing, the application for counsel fees and costs, and the proposed payments to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court by Defendants.

12. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

13. As of the Opt-Out deadline, only five (5) Class Members have requested to be excluded from the Settlement. Their first and last initials and states of residency are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

14. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. Pursuant to the Settlement Agreement, as amended by the Amendment, Social Annex, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

16. Pursuant to the Settlement Agreement, as amended by the Amendment, Plaintiffs and the Settlement Class Members release claims as follows:

> [E]ach Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment ... , fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, as amended by the Amendment, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17. Pursuant to the Settlement Agreement, as amended by the Amendment, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $2,500 each as an incentive payment for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement as amended by the Amendment.

18. The Court has appointed Benjamin F. Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP and Cornelius P. Dukelow of Abington Cole + Ellery as Class Counsel.

19. The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees and costs in the amount of $210,000. Payment shall be made pursuant to the terms of the Settlement Agreement as amended by the Amendment.

20. This Order resolves all claims against all parties in this action and, together with the Judgment entered contemporaneously herewith, is a final order.

21. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

__19th__ day of __October__, 2020

_____
Honorable Colm F. Connolly
United States District Judge

# EXHIBIT A

# EXCLUSION REPORT

Exclusion #1

SA, Texas

Exclusion #2

GR, Maryland

Exclusion #3

RR, Wisconsin

Exclusion #4

PP, Texas

Exclusion #5

DM, Texas